STATE OF MAINE

KENNEBEC, ss.


STATE OF MAINE

v.

MARY SPENCER,

Defendant

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-93-690
DHM- KEN- 1/10/2002

ORDER ON MOTION

DONALD L. GARBRECHT
LAW LIBRARY

MAR 3 2003

This matter is before the court on defendant's motion to modify conditions of probation. On January 12, 1996, the defendant was adjudged guilty of vehicular manslaughter and aggravated operating a motor vehicle while under the influence of intoxicating liquor. On the manslaughter charge, she was sentenced to the custody of the Department of Corrections for a period of 12 years with all but six years suspended and placed on probation for a term of six years. Her right to operate a motor vehicle was suspended for five years. The conditions of probation, dated January 12, 1996, contains a provision that the defendant "not operate or attempt to operate any motor vehicle (including ATV, motorboat, or aircraft) (until properly licensed, registered and insured by the Secretary of State). Any vehicle that the defendant may own should have an interlocking device."

In her motion, defendant alleges that after early release to home confinement, her probation commenced on July 8, 1999. She further alleges that after completion of the DEEP Program, she received her operator's license on August 4, 1999. In November of 2000, the defendant was advised by her probation officer that she was not to drive any vehicle without an ignition interlocking device. This instruction was not consistent with the precise language of the condition of probation. After hearing before this court upon appropriate motion, the court concluded that the language of the conditions of

probation was not consistent with the instructions of the court at sentencing and that the condition of probation is that she not operate any vehicle without an ignition interlocking device. According to defendant's motion, she obtained such a device but it has not operated properly, is in such condition that service facilities refuse to attempt to repair and the manufacturer has refused to provide any further services with respect to it. Therefore, for all practical purposes, the device is inoperable. It is represented, and the State does not dispute, that there is no other device available within the New England States and finally, defendant asserts, that the defendant's probation officer has no objection to the granting of the motion.[1]

In addition to examining the sentencing transcript of January 12, 1996, the court has taken the liberty of reading the transcript of the court's findings of December 1, 1995, and a hearing on a previous motion by the defendant to amend conditions of probation held December 21, 2000. After a jury-waived trial, the court found that the defendant, operating a motor vehicle while intoxicated and with her young children as passengers, crossed the centerline of a highway and struck another vehicle causing the death of two adults. The court concluded that the conduct was reckless and there was sufficient criminal causation to establish guilt of the offenses charged.

At the sentencing procedure some six weeks later, the court commented on the defendant's 19 years of heavy drinking, her history of awareness of serious consequences of operating a motor vehicle while under the influence, and evidence of the defendant receiving warnings with respect to her drinking and driving. The court

---

[1] At the conclusion of the nontestimonial hearing in this matter, the court advised the parties that it would take the matter under advisement for purposes of reading the transcripts of previous proceedings and also to give counsel for the defendant an opportunity to determine the availability, from any location, of a new interlocking device. Because the court has determined that the precise issue presented has been previously considered and relief denied, the law of the case must prevail and the court is issuing this decision before obtaining further response from defendant's counsel.

considered the presence of her two minor children in the car the defendant was operating and the second offense of operating under the influence. The court then imposed a very serious basic sentence of 12 years and then imposed the following conditions of probation:

> I'm going to require, Mrs. Spencer, that you not possess or consume alcohol, have no alcohol in your home. There is no incentive for it in any way there. That you engage in alcohol and substance abuse counseling to the satisfaction of the Division of Probation and Parole, that you submit to searches, testing of your person, residence, any motor vehicle for the presence or use of alcoholic beverages in this matter. Also, that you not operate a motor vehicle, without proper license, registration and insurance, and also, that the motor vehicle, if operated, be properly equipped with an interlock device, though I think that it's unlikely that during the period of probation you would get – you could get your license back in this time.

Transcript of January 12, 1996, p. 44.

On December 21, 2000, the court considered a motion by the defendant to alter the terms of probation. The issue presented was the predicament created by the language of the conditions of probation as expressed by the court not being consistent with the language appearing in the signed conditions of probation. It was concluded, without dispute, that the language on the conditions is incorrect and that the defendant was ordered not to operate any motor vehicle without such an interlocking device. However, for purposes of the present motion, the most significant conclusion from the proceedings of December 21st is that precisely the same issues presented in the present motion were before the court at that time. Counsel for the defendant advises the court that considering that Justice Alexander:

> made it clear that he wanted this interlocking device on her vehicle because she could drive. Unfortunately, there is nowhere in New England that can install it. The law was repealed. We called the Department of Motor Vehicles, they indicated that the law was repealed because no one can install these devices.

Transcript of December 21, 2000, p. 2.

Counsel then went on to argue, as counsel does here, that it makes the defendant's term of probation impossible. At that time, the State argued, as it has in the present case, that the meaning of the sentencing Justice's condition is clear: If a motor vehicle does not have an interlocking device, the defendant is not to drive. Further, the State asserted to the court, as it has here, that it does not know the status of availability of such a device but believes it is the responsibility of the defendant to make that determination based upon the condition of probation. Defense counsel even asked the court for more time to attempt to obtain more information whether there is a source of such a device outside of New England. The court indicated that it would be receptive to obtain any further information with respect to a source of installation of such a device and went on to say, "I agree that it's difficult, but a lot of times probation terms are difficult, especially in a case like this." Transcript of December 21 2002, p. 7. Finally, after all considerations, the court said:

> But on my own motion, because we don't have the probation officer here, I'm going to amend condition number 18 to conform to what Justice Alexander said at the sentencing back in 1996, and that's if she operates a motor vehicle, it is to be properly equipped with an interlock device.

The conclusion to be reached from an analysis of these proceedings is that the precise concerns presented to the court in this case by defendant's motion to amend a condition of probation was presented to the court back in December of 2000. Granted, at that time, it was asserted that a device was not available. In this case, it is asserted that the defendant has such a device but it is not operable, will not be repaired, will not be replaced, and in the final analysis, the result is the same, she is asking the court to remove the requirement that she only operate a motor vehicle with an interlocking device.

In order for this court to amend such a condition, it would have to find that all circumstances and conditions had so substantially changed since the time of sentencing in January of 1996, that it would achieve no lawful purpose to continue the condition of probation. The court does not so find. Mrs. Spencer's impassioned statement to the court on this hearing in the matter is the same as she made at time of sentencing. This court, as did the sentencing court, does not doubt her sincerity and that she seriously is remorseful over the terms of events. She also, in all other respects, appears to have done well in meeting all other conditions of probation.[2] The fundamental conclusion is still that Mrs. Spencer does not have the ability, absent some significant effort, to control her consumption of alcohol. Because of the extreme and disastrous consequences attendant to this underlying case, the court does not conclude that her compliance with all other conditions of probation, including counseling and treatment, is such a substantial change in circumstances as to justify a change in the conditions of probation

The entry will be:

Defendant's motion to amend the conditions is DENIED.

Dated: January 10, 2003

Donald H. Marden
Justice, Superior Court

---

[2] The court does note a second motion for probation revocation resulting from the discovery of alcohol in her home. Because it well could have been the result of her husband's activities, no serious revocation took place. It has been represented to the court that the husband no longer lives in the home.

STATE OF MAINE                                    SUPERIOR COURT
   vs                                             KENNEBEC, ss.
MARY  SPENCER                                      Docket No  AUGSC-CR-1993-00690

                                                   **DOCKET RECORD**

DOB: 05/13/1956
Attorney: WALTER MCKEE                     State's Attorney: N GAUVREAU
          LIPMAN & KATZ PA
          227 WATER STREET
          PO BOX 1051
          AUGUSTA ME 04332-1051
          RETAINED 01/28/2002

Filing Document: INDICTMENT                Major Case Type: HOMICIDE
Filing Date: 12/14/1993

## Charge(s)

1   MANSLAUGHTER                                11/19/1993 WINTHROP
    17-A   203(1)(A)          Class A


2   OPERATING MOTOR VEHICLE UNDER THE           11/19/1993 WINTHROP
    INFLUENCE
    29     1312-B(1)          Class C


3   MANSLAUGHTER                                11/19/1993 WINTHROP
    17-A   203(1)(A)          Class A


4   OPERATING MOTOR VEHICLE UNDER THE           11/19/1993 WINTHROP
    INFLUENCE
    29     1312-B(1)          Class C


## Docket Events:

11/21/2000 FILING DOCUMENT -  INDICTMENT FILED ON 12/14/1993

11/21/2000 TRIAL -  BENCH HELD ON 11/27/1995

        JURY WAIVED TRIAL HAD ON 11/27/95, 11/28/95, 11/29/95, 11/30/95 AND 12/1/95.
11/21/2000 Charge(s):  1,2,3,4
        FINDING -  GUILTY ENTERED BY COURT ON 12/01/1995

11/21/2000 HEARING -  SENTENCE HEARING HELD ON 01/12/1996
        DONALD G ALEXANDER , ASSOCIATE JUSTICE
11/21/2000 Charge(s):  1
        RULING -  ORIGINAL ORDERED ON 01/12/1996

        It is adjudged that the defendant is guilty of 1 MANSLAUGHTER 17-A 203(1)(A) Class A as
        charged and convicted.
        It is ordered that the defendant's motor vehicle operator's license or permit to operate,

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 12 year(s).

It is ordered that all but 6 year(s) of the sentence as it relates to confinement be suspended.

It is ordered that the defendant be placed on a period of probation for a term of 6 year(s) upon conditions attached hereto and incorporated by reference herein.

Said Probation to commence after completion of the unsuspended term of imprisonment.

Defendant to receive credit for time served.
right to operate and right to apply for and obtain a license is suspended for a period of 5 year(s).

$ 25 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 25.00.**


## Special Conditions of Probation:
Refrain from possession and use of any unlawful drugs and the possession or use of intoxicating liquor.

Submit to random search and testing for alcohol upon reasonable suspicion of use or possession.

Undergo substance abuse counseling / treatment, program as directed by the probation officer; consent to the release of any counseling/treatment information to your probation officer, the district attorney and the court. You shall contribute to the cost of any counseling treatment based on your financial ability as determined by the probation officer.

Not operate or attempt to operate any motor vehicles until properly licensed by the Secretary of State.

If the defendant has been convicted of an applicable offense listed in 25 MRSA sec 1574(4), the defendant shall submit to having a DNA sample drawn.

Report to probation officer forthwith and as thereafter directed.

Other: DEFT. IS TO HAVE NO ALCOHOL IN HER HOME. DEFT. IS TO HAVE AN INTERLOCKING DEVICE ON ANY VEHICLE THAT SHE MAY OWN.

11/21/2000 Charge(s): 2
RULING - ORIGINAL ORDERED ON 01/12/1996

It is adjudged that the defendant is guilty of 2 OPERATING MOTOR VEHICLE UNDER THE INFLUENCE 29 1312-B(1) Class C as charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 2 year(s).

This sentence to be served concurrently with: AUGSCCR199300690  Charge: 1

Defendant to receive credit for time served.
It is ordered that the defendant's motor vehicle operator's license or permit to operate, right to operate and right to apply for and obtain a license is suspended for a period of 2 year(s).

Charge #2: It is ordered that the defendant forfeit and pay the sum of $ 1,000.00 as a
fine to the clerk of the court, plus applicable surcharges and assessments.

10% GOV'T OPERATION SURCHARGE FUND $ 100.00
$ 25 VICTIMS COMPENSATION FUND
100% GENERAL FUND $ 1000.00
$ 30 DEPARTMENT OF TRANSPORTATION FINES
**TOTAL DUE:$ 1,155.00.**

11/21/2000 Charge(s):  3
RULING -  ORIGINAL ORDERED ON 01/12/1996

It is adjudged that the defendant is guilty of 3 MANSLAUGHTER 17-A 203(1)(A) Class A as
charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 12 year(s).

It is ordered that all but 6 year(s) of the sentence as it relates to confinement be suspended.

It is ordered that the defendant be placed on a period of probation for a term of 6 year(s) upon
conditions attached hereto and incorporated by reference herein.

Said Probation to commence after completion of the unsuspended term of imprisonment.

Defendant to receive credit for time served.
It is ordered that the defendant's motor vehicle operator's license or permit to operate,
right to operate and right to apply for and obtain a license is suspended for a period of 5
year(s).

$ 25 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 25.00.**

## Special Conditions of Probation:
Refrain from possession and use of any unlawful drugs and the possession or use of intoxicating
liquor.

Submit to random search and testing for alcohol upon reasonable suspicion of use or possession.

Undergo substance abuse counseling / treatment, program as directed by the probation officer;
consent to the release of any counseling/treatment information to your probation officer, the
district attorney and the court. You shall contribute to the cost of any counseling treatment
based on your financial ability as determined by the probation officer.

Not operate or attempt to operate any motor vehicles until properly licensed by the Secretary
of State.

If the defendant has been convicted of an applicable offense listed in 25 MRSA sec 1574(4), the
defendant shall submit to having a DNA sample drawn.

Report to probation officer forthwith and as thereafter directed.

Other:  DEFT. IS TO HAVE NO ALCOHOL IN HER HOME.  DEFT. IS TO HAVE AN INTERLOCKING DEVICE ON

ANY VEHICLE THAT SHE MAY OWN.

11/21/2000 Charge(s): 4
RULING - ORIGINAL ORDERED ON 01/12/1996

It is adjudged that the defendant is guilty of 4 OPERATING MOTOR VEHICLE UNDER THE INFLUENCE
29 1312-B(1) Class C as charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 2 year(s).

This sentence to be served concurrently with: AUGSCCR199300690   Charge: 1

Defendant to receive credit for time served.
It is ordered that the defendant's motor vehicle operator's license or permit to operate,
right to operate and right to apply for and obtain a license is suspended for a period of 2
year(s).

Charge #4: It is ordered that the defendant forfeit and pay the sum of $ 1,000.00 as a
fine to the clerk of the court, plus applicable surcharges and assessments.

10% GOV'T OPERATION SURCHARGE FUND $ 100.00        SUSPENDED AMT $ 100.00
$ 25 VICTIMS COMPENSATION FUND
100% GENERAL FUND $ 1000.00        SUSPENDED AMT $ 1000.00
$ 30 DEPARTMENT OF TRANSPORTATION FINES        SUSPENDED AMT $ 30.00
**TOTAL DUE:$ 25.00.**

11/21/2000 Charge(s): 1,3
MOTION - MOTION AMEND COND PROBATION FILED BY DEFENDANT ON 11/02/2000

TO DELETE THE REQUIREMENT THAT ANY VEHICLE THAT THE DEFT. MAY OWN SHOULD HAVE AN
INTERLOCKING DEVICE.
11/21/2000 HEARING - MOTION AMEND COND PROBATION SCHEDULED FOR 12/21/2000 @ 8:30

NOTICE  TO PARTIES/COUNSEL
11/21/2000 HEARING - MOTION AMEND COND PROBATION NOTICE SENT ON 11/21/2000

11/21/2000 ATTORNEY - RETAINED ENTERED ON 11/02/2000

Attorney: LEONARD SHARON
12/22/2000 HEARING - MOTION AMEND COND PROBATION HELD ON 12/21/2000
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
Attorney: LEONARD SHARON
DA: PAUL RUCHA          Reporter: JANETTE COOK
Defendant Present in Court

TO EXCLUDE CONDITION OF THE INTERLOCKING DEVICE ON VEHICLE.
12/22/2000 HEARING - MOTION AMEND COND PROBATION CONTINUED ON 12/21/2000

FOR ATTYS. TO FINA A STATE WHERE THIS INTERLOCKING DEVICE CAN BE INSTALLED. ATTY. SHARON
TO LET THE COURT KNOW WHAT HE HAS FOUND OUT IN 1 WEEK, BY LETTER.
12/22/2000 FILING DOCUMENT - MOTION FOR PROB REVOCATION FILED ON 12/21/2000

BY PPO. CHRIS OBERG.

12/22/2000 Charge(s): 1,2,3,4
         HEARING - INITIAL APPEARANCE HELD ON 12/21/2000
         NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
         Attorney: LEONARD SHARON
         DA: PAUL RUCHA          Reporter: JANETTE COOK
         Defendant Present in Court
12/22/2000 Charge(s): 1,2,3,4
         PLEA - ADMIT ENTERED BY DEFENDANT ON 12/21/2000


12/22/2000 Charge(s): 1,2,3,4
         FINDING - PROBATION VIOLATED ENTERED BY COURT ON 12/21/2000


12/22/2000 Charge(s): 1
         RULING - PROBATION REVOCATION ORDERED ON 12/21/2000


12/22/2000 Charge(s): 3
         RULING - PROBATION REVOCATION ORDERED ON 12/21/2000


12/22/2000 Charge(s): 3
         RULING - PROBATION REVOCATION ISSUED ON 12/21/2000


12/22/2000 OTHER FILING - TRANSCRIPT FILED ON 12/22/2000

         OF MOTION TO AMEND HEARING ON 12/21/00.
12/22/2000 Charge(s): 3
         ABSTRACT - SBI SUPPLEMENTAL EDI ON 12/22/2000



         Charge(s): 1
         ABSTRACT - SBI SUPPLEMENTAL EDI ON 12/22/2000



01/12/2001 OTHER FILING - OTHER DOCUMENT FILED ON 01/09/2001

         LETTER REGARDING THE INSTALLING OF THE INTERLOCKING DEVICE.  THE REPORT SAYS THE DEVICE IS
         AVAILABLE.
01/12/2001 Charge(s): 1,3
         MOTION - MOTION AMEND COND PROBATION DENIED ON 01/11/2001
         NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
         COPIES TO PARTIES/COUNSEL
01/03/2002 FILING DOCUMENT - MOTION FOR PROB REVOCATION FILED ON 01/03/2002

01/23/2002 Charge(s): 1,3
         HEARING - INITIAL APPEARANCE SCHEDULED FOR 01/17/2002


01/23/2002 Charge(s): 1,3
         HEARING - INITIAL APPEARANCE HELD ON 01/17/2002
         JOSEPH M JABAR , JUSTICE
         Attorney: WALTER MCKEE
         DA: PAUL RUCHA
         Defendant Present in Court

         ELECTRONIC RECORDING.  TAPE. NO. 596  INDEX 1-226

01/23/2002 Charge(s): 1,3
          PLEA -  DENY ENTERED BY DEFENDANT ON 01/17/2002


01/23/2002 BAIL BOND -  PR BAIL BOND SET BY COURT ON 01/17/2002


01/23/2002 BAIL BOND -  PR BAIL BOND FILED ON 01/17/2002


          Date Bailed: 01/17/2002

## Conditions of Bail:

          Restrictions:DEFENDANT IS TO HAVE NO ALCOHOL IN THE HOME FOR ANY REASON; DEF. IS NOT TO DRIVE
          AN AUTOMOBILE UNLESS THE VEHICLE HAS AN INTERLOCKING DEVICE.
01/28/2002 ATTORNEY -  RETAINED ENTERED ON 01/28/2002


          Attorney:  WALTER MCKEE
01/28/2002 ATTORNEY -  WITHDRAWN ORDERED ON 01/28/2002


          Attorney:  LEONARD SHARON
07/31/2002 HEARING -  PROBATION REVOCATION SCHEDULED FOR 08/13/2002 @ 9:00


07/31/2002 HEARING -  PROBATION REVOCATION NOTICE SENT ON 07/22/2002


08/22/2002 HEARING -  PROBATION REVOCATION HELD ON 08/16/2002
          S KIRK STUDSTRUP , JUSTICE
          Attorney:  WALTER MCKEE
          DA:  PAUL RUCHA          Reporter: DONALD MITCHELL
          Defendant Present in Court


          CONDITIONS OF PROBATION TO BE AMENDED. NO SENTENCE.
08/22/2002 PLEA -  ADMIT ENTERED BY DEFENDANT ON 08/16/2002
          S KIRK STUDSTRUP , JUSTICE
          Attorney:  WALTER MCKEE
          DA:  PAUL RUCHA          Reporter: DONALD MITCHELL
          Defendant Present in Court
08/22/2002 PLEA -  ADMIT ACCEPTED BY COURT ON 08/16/2002
          S KIRK STUDSTRUP , JUSTICE
          Attorney:  WALTER MCKEE
          DA:  PAUL RUCHA          Reporter: DONALD MITCHELL
          Defendant Present in Court
08/22/2002 Charge(s): 1,2,3,4
          FINDING -  PROBATION VIOLATED ENTERED BY COURT ON 08/16/2002
          S KIRK STUDSTRUP , JUSTICE
          Attorney:  WALTER MCKEE
          DA:  PAUL RUCHA          Reporter: DONALD MITCHELL
          Defendant Present in Court
08/22/2002 Charge(s): 1
          RULING -  PROBATION REVOCATION ORDERED ON 08/16/2002
          S KIRK STUDSTRUP , JUSTICE
          Attorney:  WALTER MCKEE
          DA:  PAUL RUCHA          Reporter: DONALD MITCHELL
          Defendant Present in Court

## Special Conditions of Probation:

          Refrain from possession and use of any unlawful drugs and the possession or use of intoxicating

Printed on: 01/14/2003

liquor.

Submit to random search and testing for alcohol upon reasonable suspicion of use or possession.

Undergo substance abuse counseling / treatment, program as directed by the probation officer; consent to the release of any counseling/treatment information to your probation officer, the district attorney and the court. You shall contribute to the cost of any counseling treatment based on your financial ability as determined by the probation officer.

Not operate or attempt to operate any motor vehicles until properly licensed by the Secretary of State.

If the defendant has been convicted of an applicable offense listed in 25 MRSA sec 1574(4), the defendant shall submit to having a DNA sample drawn.

Report to probation officer forthwith and as thereafter directed.

Other: DEFT. IS TO HAVE NO ALCOHOL IN HER HOME.  DEFT. IS TO HAVE AN INTERLOCKING DEVICE ON ANY VEHICLE THAT SHE MAY OWN.                              8/16/02 PROBATION AMENDMENT ORDERED - LIVING ARRANGEMENTS TO BE APPROVED BY PROBATION AND PAROLE.

08/22/2002 Charge(s): 1
RULING - PROBATION REVOCATION ISSUED ON 08/16/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: WALTER MCKEE
DA: PAUL RUCHA           Reporter: DONALD MITCHELL
Defendant Present in Court

08/22/2002 Charge(s): 1
ABSTRACT - SBI SUPPLEMENTAL EDI ON 08/22/2002


12/09/2002 MOTION - MOTION AMEND COND PROBATION FILED BY DEFENDANT ON 12/09/2002

Attorney: WALTER MCKEE
REQUESTS TO STRIKE FROM PROBATION CONDITIONS THE NEED FOR AN IGNITION INTERLOCKING DEVICE.

01/09/2003 HEARING - MOTION AMEND COND PROBATION HELD ON 01/09/2003
DONALD H MARDEN , JUSTICE
Attorney: WALTER MCKEE
DA: PAUL RUCHA           Reporter: JANETTE COOK
Defendant Present in Court

01/09/2003 HEARING - MOTION AMEND COND PROBATION CONTINUED ON 01/08/2003
DONALD H MARDEN , JUSTICE
Attorney: WALTER MCKEE
DA: PAUL RUCHA           Reporter: JANETTE COOK
Defendant Present in Court

MUST BE FINISHED PRIOR TO END OF THE MONTH.
01/13/2003 MOTION - MOTION AMEND COND PROBATION DENIED ON 01/10/2003
DONALD H MARDEN , JUSTICE
DEFENDANT'S MOTION TO AMEND THE CONDITIONS IS DENIED.


**Receipts**

Printed on: 01/14/2003

12/07/2000          Case Payment              $50.00              paid.

A TRUE COPY
ATTEST:    _____
                        Clerk